UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CHRISTINA BEST,

                Plaintiff,

                - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-5751 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Christina Best, proceeding *pro se*,[1] commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Disability Insurance Benefits ("DIB"). The Court construes Plaintiff's Affidavit as a motion for judgment on the pleadings[2] that seeks to reverse the Commissioner's decision and/or remand for further administrative proceedings. Also before the Court is the Commissioner's motion for judgment on the pleadings, which the Court treats as a cross-motion for judgment on the pleadings. The Commissioner asks the Court to affirm the denial of Plaintiff's claim. For the following reasons, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. This case is remanded for further proceedings consistent with this Memorandum & Order.

---

[1] Because Plaintiff is *pro se*, the Court construes her submissions liberally and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

[2] Where, as here, a social security claimant challenges her denial of benefits as a *pro se* plaintiff, precedent in this Circuit provides that, "even when the plaintiff fails to file a brief, courts still ought [to] examine the record to determine whether the hearing officer applied the correct legal standards and reached a decision based on substantial evidence." *Vaughn v. Colvin*, 116 F. Supp. 3d 97, 101–02 (N.D.N.Y. 2015) (internal quotation marks, brackets, and citation omitted).

# BACKGROUND

I.    **Procedural History**

On January 24, 2017, Plaintiff filed an application with the SSA for DIB, in which she alleged she had been disabled as of January 1, 2016. (Administrative Transcript ("Tr."), Dkt. 10, at 51–52.) Her application was denied. (*Id.* at 63–67.) After requesting a hearing (*see id.* at 76), Plaintiff appeared before Administrative Law Judge ("ALJ") Robert R. Schriver on June 8, 2018 (*id.* at 23−49). In a decision dated June 19, 2018, the ALJ determined that Plaintiff was not disabled and was therefore not entitled to DIB. (*Id.* at 10−19.) The ALJ's decision became final on August 20, 2018, when the SSA's Appeals Council declined Plaintiff's request to review that decision. (*Id.* at 1–4.) Thereafter, Plaintiff timely[3] filed the instant action. (*See generally* Complaint, Dkt. 1.)

II.   **The ALJ Decision**

In evaluating disability claims, the ALJ must adhere to a five-step inquiry. The claimant bears the burden of proof in the first four steps of the inquiry; the Commissioner bears the burden in the final step. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). First, the ALJ determines

---

[3] Section 405(g) provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "Under the applicable regulations, the mailing of the final decision is presumed received five days after it is dated unless the claimant makes a reasonable showing to the contrary." *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724 (PKC), 2015 WL 1439862, at *3 (E.D.N.Y. Mar. 27, 2015) (citing 20 C.F.R. §§ 404.981, 422.210(c)). Applying this standard, the Court determines that Plaintiff received the Commissioner's final decision on August 25, 2018. Plaintiff filed the instant action on October 12, 2018—48 days later. (*See generally* Complaint, Dkt. 1.)

whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the answer is yes, the claimant is not disabled. If the answer is no, the ALJ proceeds to the second step to determine whether the claimant suffers from a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe when it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the impairment is not severe, then the claimant is not disabled. In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2016, and that Plaintiff suffers from the following severe impairments: "a generalized anxiety disorder, with panic attacks; a major depressive disorder; and facet arthropathy[4] of the lumber spine, with radicular symptoms and sacroiliac joint dysfunction.[5]" (Tr. at 12.)

Having determined that Plaintiff satisfied her burden at the first two steps, the ALJ proceeded to the third step, at which the ALJ considers whether any of the claimant's impairments meet or equal one of the impairments listed in the Social Security Act's regulations (the "Listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1. In this case, the ALJ concluded that Plaintiff's impairment did not meet or medically equal the severity of any of the impairments in the Listings. (Tr. at 12.) Moving to the fourth step, the ALJ found

---

[4] "Arthropathy is defined as 'any joint disease.' . . . [F]acet joint arthropathy, [] is a 'type of spondyloarthritis centered in facet joints, with disc degeneration and pain; it is most common in the lumbar region and also occurs in the cervical region.'" *Davis v. Berryhill*, No. 17-CV-7052 (AT) (OTW), 2019 WL 989338, at *2 n.4 (S.D.N.Y. Mar. 1, 2019) (citing *Dorland's Illustrated Medical Dictionary* 158, 1344 (32nd ed. 2012)), *report and recommendation adopted*, 2019 WL 1244929 (S.D.N.Y. Mar. 18, 2019).

[5] The sacroiliac joint "is the joint next to the bottom of the spine, below the lumbar spine and above the coccyx." *Miller v. Comm'r of Soc. Sec.*, No. 13-CV-6233 (LGS), 2015 WL 337488, at *3 (S.D.N.Y. Jan. 26, 2015).

that Plaintiff had the residual functional capacity ("RFC")[6] to perform "light work" as defined in 20 C.F.R. § 404.1567(b).[7] (*Id.* at 14.) Qualifying his RFC determination, the ALJ noted that Plaintiff "can only occasional[ly] crouch, kneel, and stoop; can have no exposure to unprotected heights; cannot operate machinery; and can have only occasional contact with coworkers, supervisors, and the general public." (*Id.*)

Relying on his RFC finding from step four, the ALJ determined that Plaintiff was unable to perform any of her past relevant work as a case manager, funeral attendant, or home health aide. (*Id.* at 17–18.) The ALJ then proceeded to step five. At step five, the ALJ must determine whether the claimant—given her RFC, age, education, and work experience—has the capacity to perform other substantial gainful work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In this case, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, namely: (1) checker, which has an availability of approximately 72,000 jobs nationally; (2) garment sorter, which has an availability of approximately 256,000 jobs nationally; and (3) classifier, which has an availability of

---

[6] To determine the claimant's RFC, the ALJ must consider the claimant's "impairment(s), and any related symptoms . . . [which] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

[7] According to the applicable regulations,

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

approximately 537,000 jobs nationally. (Tr. at 19.) As such, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.*)

## STANDARD OF REVIEW

Unsuccessful claimants for disability benefits under the Social Security Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits. 42 U.S.C. § 405(g). In reviewing a final decision of the Commissioner, the Court's role is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera*, 697 F.3d at 151 (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks, citation, and brackets omitted). In determining whether the Commissioner's findings were based upon substantial evidence, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Id.* (internal quotation marks and citation omitted). However, the Court "defer[s] to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citation omitted). If there is substantial evidence in the record to support the Commissioner's findings as to any fact, those findings are conclusive and must be upheld. 42 U.S.C. § 405(g).

**DISCUSSION**

Plaintiff, who is proceeding *pro se*, makes several arguments in support of her claim for benefits. (*See generally* Plaintiff's Affidavit ("Pl.'s Aff."), Dkt. 20, at ECF[8] 1–2.) The Court, mindful of its duty to "construe Plaintiff's pleadings 'to raise the strongest arguments that they suggest,'" *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016) (quoting *Triestman*, 470 F.3d at 474), interprets Plaintiff's submission as raising two issues: (1) the ALJ's failure to afford proper weight to the finding of the Department of Veterans Affairs ("VA") that Plaintiff was totally permanently disabled; and (2) the ALJ's failure to develop the administrative record. The Court finds that both of these issues require remand, and therefore declines to address Plaintiff's other arguments.

**I.  Duty to Properly Consider the VA Disability Determination**

In support of her claim for benefits, Plaintiff notes that she is a "disable[d] Veteran" (Pl.'s Aff., Dkt. 20, at ECF 1), likely referring to the fact that, on December 18, 2017, the VA found that Plaintiff's "major depressive disorder" meant that she was "100%" disabled (Tr. at 203–05). Defendant argues that "a decision of disability made by another agency is not binding on the Commissioner." (Defendant's Brief, Dkt. 17, at 20.) Though Defendant is correct that "[a] determination made by another agency regarding a claimant's disability is not binding on the Social Security Administration[,] it is entitled to some weight and should be considered." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (summary order) (internal quotation marks and citations omitted). Thus, a determination by the VA that a claimant is disabled is entitled to at least "some weight." *Loree v. Colvin*, No. 15-CV-251 (JMC), 2016 WL 5107028, at *4 (D. Vt.

---

[8] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Sept. 20, 2016) (quoting *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975)) (collecting cases). "The point of the Second Circuit's admonition to accord VA determinations 'some weight' is that in addition to the oral testimony and medical evidence, VA rating decisions are another item to be placed on the evidentiary scale . . . ." *Machia v. Astrue*, 670 F. Supp. 2d 326, 336 (D. Vt. 2009); *see also id.* at 335 n.10 ("[T]he Commissioner is not generally free to completely disregard a VA disability rating." (citation omitted)). "Moreover, the VA's determination is material to the Commissioner if the VA granted a claimant disability benefits based on a claim identical to the one presented to the ALJ." *Stokes v. Astrue*, No. 10-CV-1129 (MAD), 2012 WL 695856, at *14 (N.D.N.Y. Mar. 1, 2012) (citing *Zimmer v. Astrue*, No. 07-CV-4036 (SLT) (RLM), 2009 WL 5066782, at *5 (E.D.N.Y. Dec. 23, 2009)).

Here, the ALJ decided that "[t]he VA disability report, indicating 100% service related total/permanent disability due to back and mental conditions is given no significant weight." (Tr. at 17.) "Thus, the issue here is whether the ALJ appropriately gave *no* evidentiary weight to the VA ratings, despite the rule in this Circuit that such ratings are 'entitled to some weight and should be considered.'" *Machia*, 670 F. Supp. 2d at 335 (emphasis in original) (quoting *Hankerson v. Harris*, 636 F.2d 893, 896–97 (2d Cir. 1980)).

The Court finds that the ALJ failed to properly consider the VA's disability determination. Given that Plaintiff received most of her care at a VA medical center (*see generally* Tr. at 218–332, 346–567 (compiling medical records from various VA institutions)), "the ALJ was obligated to, at the very least, consider the [VA's] determination as it was based upon the same medical record [before the ALJ]." *Stokes*, 2012 WL 695856, at *15. The ALJ's obligation to consider the VA's determination was strengthened by the fact that the applicable time period for Plaintiff's DIB claim and the VA's disability determination overlap significantly. "The relevant period for

disability benefits extends from the alleged onset date to the date of the ALJ's decision." *Williams v. Comm'r of Soc. Sec.*, No. 17-CV-1117 (MAT), 2019 WL 2182933, at *4 (W.D.N.Y. May 21, 2019). Here, that time period is January 1, 2016 to June 19, 2018. (*See* Tr. at 10, 19.) The VA's determination falls squarely within that period: the VA determined on December 18, 2017 that Plaintiff's mental health conditions had worsened to the point where she was 100% disabled effective as of August 1, 2017. (*Id.* at 204.) The ALJ was therefore obligated to consider that another agency had found Plaintiff disabled during the relevant benefits period. *See Evans v. Colvin*, 649 F. App'x 35, 37–38 (2d Cir. 2016) (summary order) (finding that VA's determination that plaintiff suffered from conditions that "had disabling effect" during and after the relevant period "precluded the Appeals Council from dismissing the VA evidence as irrelevant because it was unrelated to the time period at issue"); *cf. Fitzgerald v. Astrue*, No. 08-CV-170 (JMC), 2009 WL 4571762, at *10 (D. Vt. Nov. 30, 2009) (finding harmless error where ALJ failed to consider VA determination because it "is so far removed in time from the dates critical to [plaintiff]'s claim for social security disability benefits, that such determination is irrelevant to the social security decision").

Yet, despite his obligation to consider the VA determination, the ALJ only briefly referenced it in his decision, stating that "[t]he VA disability report . . . describes percentages of disability assessed for veterans' benefits purposes, and finds some loss of functioning based on the claimant's anxiety and depression, as well as radiculopathy caused by a lumbosacral strain and degenerative disc disease." (Tr. at 17.) Instead of then explaining why the disability determination was not entitled to significant weight, the ALJ went on to state only that "[w]hether a claimant is 'disabled' or unable to work is a legal issue reserved exclusively to the Commissioner to decide. In addition, the VA uses different rules, regulations, and guidelines to determine disability benefits

8

under their system than Social Security. For these reasons, the [ALJ] gives [the VA] report no significant weight." (*Id.*) Here, "[t]he ALJ did not even attempt to summarize the VA's findings, or to apply such findings in the context of [the claimant]'s application for benefits under the Social Security Act." *Fitzgerald*, 2009 WL 4571762, at *7 (citing *Longbardi v. Astrue*, No. 07-CV-5952 (LAP), 2009 WL 50140, at *22 (S.D.N.Y. Jan. 7, 2009)); *see also Longbardi*, 2009 WL 50140, at *22 ("Courts in this Circuit have long held that an ALJ's failure to acknowledge relevant evidence or explain its implicit rejection is plain error."). This was plain error. *See id*. (finding that "the ALJ committed plain error by failing to give adequate consideration to the VA disability determination in his written decision"); *see also Collins v. Berryhill*, No. 16-CV-6673 (PKC), 2018 WL 259282, at *8 (E.D.N.Y. Jan. 2, 2018) (finding that the ALJ had not appropriately considered VA disability determination when the ALJ "summarily dismissed that finding with the simple statement that 'the Social Security Administration utilizes different standards of disability than the veterans' ratings, and these ratings cannot be dispositive in [a] Social Security Administration disability determination'" (internal record citation omitted)); *Kowalske v. Astrue*, No. 10-CV-339 (WMS), 2012 WL 32967, at *4 (W.D.N.Y. Jan. 6, 2012) ("Although the ALJ is correct that the VA's determination of disability is not a vocational determination, it nevertheless speaks to Plaintiff's [RFC] and the ALJ was required to give it some weight and explain why it was not entitled to greater consideration."). Furthermore, this "error was not harmless because the VA determination relates to the same impairments at issue in [Plaintiff]'s DIB claim . . . and their effect on [Plaintiff] around the same time as the alleged disability period." *Loree*, 2016 WL 5107028, at *5 (collecting cases).

9

This deficiency in the ALJ's decision alone requires remand, either to allow the ALJ to give due consideration to the VA's finding of complete disability or to explain why less or no weight is warranted, based on substantial evidence in the record.

## II. Duty to Develop the Record

Plaintiff also argues that the ALJ failed to develop the record. (*See* Pl.'s Aff., Dkt. 20, at ECF 1 (noting that "[f]avorable [c]redible [t]estimonies [from witnesses] were not taken or recorded").) The Court agrees.

"The responsibility of an ALJ to fully develop the record is a bedrock principle of Social Security law." *Rodriguez v. Barnhart*, No. 02-CV-5782 (FB), 2003 WL 22709204, at *3 (E.D.N.Y. Nov. 7, 2003) (citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir. 1999)). Before the Court can determine whether an ALJ's decision is supported by substantial evidence, "the court must first be satisfied that the ALJ provided plaintiff with 'a full hearing under the Secretary's regulations' and also fully and completely developed the administrative record." *Scott v. Astrue*, No. 09-CV-3999 (KAM) (RLM), 2010 WL 2736879, at *12 (E.D.N.Y. July 9, 2010) (quoting *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). "The duty to develop the record is particularly important where an applicant alleges [she] is suffering from a mental illness, due to the difficulty in determining whether these individuals will be able to adapt to the demands or stress of the workplace." *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 268 (S.D.N.Y. 2016) (internal quotation marks and citations omitted). "Even when a claimant is represented by counsel, it is the well-established rule in our circuit that the social security ALJ, unlike the judge in a trial, must on behalf of all claimants affirmatively develop the record in light

of the essentially non-adversarial nature of a benefits proceeding."[9] *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks, ellipsis, and citations omitted). "Legal errors regarding the duty to develop the record warrant remand." *Wilson v. Colvin*, 107 F. Supp. 3d 387, 407 (S.D.N.Y. 2015) (collecting cases).

Here, the Court finds that the ALJ did not adequately develop the record as to the VA's disability determination, aggravating his failure to consider that determination, as discussed *supra*. First, it does not appear that the record before the ALJ included the entirety of the VA's disability determination. The record only contains two letters, dated December 18, 2017 and January 5, 2017,[10] both of which noted that the VA was increasing Plaintiff's disability percentage to 100% as a result of her depression and anxiety. (Tr. at 203–05.) It seems likely that the VA provided an explanation for that decision. *Cf. Atwater*, 512 F. App'x at 70 (noting that "[t]he VA listed the letter [from a former employer discussing plaintiff's disability] . . . under the heading '*REASONS FOR DECISION*' in its decision to grant [plaintiff] benefits") (emphasis in original). Yet, the record here contains no such explanation from the VA. Accordingly, to the extent the VA can provide a fuller explanation of its disability determination, including what prompted its decision to increase Plaintiff's disability rating to 100%, the ALJ is obligated to obtain that information in order to be able to fully consider what weight to give to the VA's disability determination. *Cf. Rivera v. Colvin*, 592 F. App'x 32, 33 (2d Cir. 2015) (summary order) (finding that the ALJ appropriately considered the VA's disability determination when he specifically cited to the

---

[9] Though Plaintiff is proceeding *pro se* in this instant action, she was represented by counsel at the hearing before the ALJ. (Tr. at 10.)

[10] Given that Plaintiff's disability determination was effective as of August 1, 2017, the Court assumes that the 2017 date for the second letter was erroneous and that this letter should have been dated January 5, 2018.

determination, but found that the medical evidence relied upon by the VA was entitled to minimal weight under the SSA's regulations).

Additionally, though the record references several treating doctors (Tr. at 194 (noting Plaintiff's treating doctors since May 9, 2017); *id.* at 218–25 (noting several visits with Rachel Fischer, a psychiatrist, for anxiety between November 2016 and February 2017)), there is nothing in the record to suggest that the ALJ requested that any of Plaintiff's treating physicians provide a medical opinion as to how Plaintiff's severe mental impairments affected her ability to function in the workplace (*cf. id.* at 10–19 (no reference to Plaintiff's treating physicians in the ALJ's decision)).

Though "[t]he Second Circuit has held that an ALJ's failure to obtain a medical source statement from a treating physician before making a disability determination is not necessarily an error requiring remand," *Hooper v. Colvin*, 199 F. Supp. 3d 796, 814 (S.D.N.Y. 2016) (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013)), before "an ALJ [can] make a disability determination without seeking any treating physician opinion, there must be 'no obvious gaps in the administrative record,' and the ALJ must '[possess] a complete medical history.'" *id.* (brackets in original) (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 n.5 (2d Cir. 1999)); *see also id.* at 807 (noting that "[a]s a result, the treating physician rule is inextricably linked to the duty to develop the record" (internal quotation marks and citations omitted)).[11]

Here, the lack of opinions from Plaintiff's treating physicians is an "obvious gap" given that Plaintiff's treating physicians worked at VA medical centers, and it is therefore likely that

---

[11] Although "[t]he current version of the [Social Security Act]'s regulations eliminates the treating physician rule," the rule nevertheless applies to Plaintiff's claim, which was initially filed on January 24, 2017, as the current regulations only "apply to cases filed on or after March 27, 2017." *Burkard v. Comm'r of Soc. Sec.*, No. 17-CV-290 (EAW), 2018 WL 3630120, at *3 n.2 (W.D.N.Y. July 31, 2018) (citing 20 C.F.R. § 404.1520c).

their opinions as to Plaintiff's mental health conditions played an important role in the VA's disability determination. In fact, it is difficult to see how the ALJ could have adequately considered the VA's disability determination without the opinions of these treating physicians. At the very least, if the ALJ believed that the VA's determination was entitled to minimal weight, he would need to distinguish Plaintiff's treating physicians' opinions from those of the consultative examiners, as well as the record they were based upon, in order to find that, while that evidence may have been sufficient to find Plaintiff disabled under the VA's regulations, it did not constitute substantial evidence as determined by the SSA's regulations. *Cf. Rivera*, 592 F. App'x at 33 (finding that the ALJ appropriately considered the VA's disability determination when "the ALJ considered the March 2009 determination of the VA assessing [plaintiff]'s anxiety disorder as 70 percent disabling, but found that the medical evidence did not support a finding of severe anxiety or PTSD because the VA determination relied heavily on [plaintiff]'s subjective complaints rather than objective medical findings"); *Claymore v. Astrue*, 519 F. App'x 36, 38 (2d Cir. 2013) (summary order) (noting that "the VA's determination was only minimally helpful in proving disability" when "the VA granted [plaintiff]'s pension because of a combination of the level of his disability and other factors such as age, education, and occupational background, despite the VA's observation that [plaintiff] did not meet the schedular requirements of a single disability, nor two or more disabilities combined"). *But cf. Lawler v. Astrue*, No. 10-CV-3397 (ARR), 2011 WL 5825781, at *8 (E.D.N.Y. Nov. 14, 2011) (noting similarities between the inquires required by the VA's and the SSA's disability benefits regulations). "By failing to properly develop the record, the ALJ did not fulfill his obligation to address all the pertinent evidence and to give appropriate weight to the treating physician's diagnosis, and therefore to adequately explain his reasoning." *See, e.g., id.* at *7 (citing *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998); *Ferraris v.*

13

*Heckler*, 728 F.2d 582, 586–87 (2d Cir. 1984)); *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("[W]here we are unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ, we will not hesitate to remand for further findings or a clearer explanation for the decision." (internal quotation marks and citation omitted)).

## III. Reliance on the Medical Opinions of Consultative Examiners

Finally, the Court notes, *sua sponte*, that instead of relying on the medical opinions of Plaintiff's treating physicians, the ALJ relied on the opinions of two consultative examiners, Clementina Porcelli, Ph.D, a psychiatric consultative examiner, and K. Gawley, Ph.D,[12] to determine the effect of Plaintiff's mental health conditions on her RFC. (*See* Tr. at 17, 55.) For example, the ALJ gave "great weight" to Dr. Porcelli's opinion because she "is a specialist who is familiar with [SSA] rules and regulations, and who personally examined [Plaintiff]." (*Id.* at 17.) He also noted that Dr. Porcelli's opinion was "supported by a detailed report containing her clinical findings on mental status examination, and is consistent with the record as a whole." (*Id.*) Likewise, though Dr. Gawley did not meet with Plaintiff, the ALJ also gave "great weight" to her opinion because she "is a specialist who is familiar with [SSA] rules and regulations . . . [and her] opinion is supported by a review of the record, including Dr. Porcelli's report, and is consistent with the record as a whole." (*Id.*) The Court finds that this unexplained reliance on the consultative examiners over Plaintiff's treating physicians was error.

"In general, 'a consulting physician's opinions or report should be given limited weight.'" *Adesina v. Astrue*, No. 12-CV-3184 (WFK), 2014 WL 5380938, at *9 (E.D.N.Y. Oct. 22, 2014)

---

[12] Though the ALJ notes that Dr. Gawley is a specialist, he does not specify in what area. (*See* Tr. at 17.)

(quoting *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990)). "This is justified because consultative exams are often brief, are generally performed without benefit or review of claimant's medical history and, at best, only give a glimpse of the claimant on a single day. Often, consultative reports ignore or give only passing consideration to subjective symptoms without stated reasons." *Cruz*, 912 F.2d at 13 (internal quotation marks and citation omitted). Likewise, "[t]he medical opinion of a non-examining medical expert does not constitute substantial evidence and may not be accorded significant weight." *Roman v. Astrue*, No. 10-CV-3085 (SLT), 2012 WL 4566128, at *16 (E.D.N.Y. Sept. 28, 2012) (citing *Pratts v. Chater*, 94 F.3d 34, 38 (2d Cir. 1996)). On remand, in determining the appropriate weight to give consultative examiners' opinions on remand, the ALJ should keep in mind that he "may [only] give greater weight to a consultative examiner's opinion than a treating physician's opinion if the consultative examiner's conclusions are more consistent with the underlying medical evidence." *Mayor v. Colvin*, No. 15-CV-344 (AJP), 2015 WL 9166119, at *18 (S.D.N.Y. Dec. 17, 2015); *see also Suarez v. Colvin*, 102 F. Supp. 3d 552, 577 (S.D.N.Y. 2015) (noting that the ALJ is free to give greater weight to consultative medical examiners' opinions so long as he documents his rationale for finding the relevant standards met).

\* \* \*

Therefore, the ALJ should have taken affirmative steps to determine if the VA had a more complete record upon which it based its disability decision or reasons explaining its decision, and, if so, obtain and consider that information. Or, if the VA determined that the same record that the ALJ had before him was sufficient to make a disability determination, the ALJ was obligated to explain why he disagreed with the VA's determination rather than merely noting, in summary fashion, that the VA's disability determination was based on different criteria and was not binding on the Commissioner. Either scenario constitutes legal error and necessitates remand. On remand,

15

the ALJ shall determine whether any further information regarding the VA's disability determination is available, solicit the opinions of Plaintiff's treating physicians, and only then determine what weight to give the VA's disability determination, mindful of the fact that the Second Circuit has stated that such a determination is entitled to at least some weight.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion and denies the Commissioner's cross-motion. The Commissioner's decision is remanded for further consideration and new findings consistent with this Memorandum & Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 31, 2020
      Brooklyn, New York